**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| Ana Cervantes, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>United Parcel Service of America, Inc.,<br>Defendant. | Case No: _____<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE
TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET. SEQ.**

**Introduction**

1.  Ana Cervantes, (Plaintiff), through Plaintiff's attorneys, brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of United Parcel Service of America, Inc.. ("Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular phone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all

1

other matters, upon information and belief, including investigation conduct by his attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## Jurisdiction and Venue

6. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").

8. Venue is proper in the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. § 1391, and in the Atlanta Division, pursuant to LR 3.1B(3), because Defendant's headquarters are in the City of Atlanta, County of Fulton, State of Georgia, which is within this judicial district and the Atlanta Division.

## Parties

9. Plaintiff is a resident in the City of Las Vegas, County of Clark, State of Nevada.

10. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a company incorporated under the laws in the State of Delaware, with its headquarters in Atlanta, Georgia.

12. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

**Factual Allegations**

13. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Georgia, and within this judicial district.

14. In or about 2012, Plaintiff entered into a business relationship with Defendant when she opened an account for her company, Collagen Distributor, which was located in Las Vegas, Nevada.

15. Plaintiff listed her personal cellular phone ending in 1360, on the account with Defendant.

16. Subsequently thereafter, Plaintiff never went through with her company, Collagen Distributor, and closed the UPS account, which listed her personal cellular phone, ending in 1360, on the account.

17. Defendant called Plaintiff's personal cellular phone numerous times regarding this account, which was wrongfully referred to collections with RMS, despite her closing the account, from 2012 through the present.

18. The dates and times in which Defendant called Plaintiff's personal cellular phone include:
    - October 1, 2015 at 7:34 a.m;
    - October 22, 2015 at 9:11 a.m;
    - January 14, 2016 at 9:20 a.m;

- February 4, 2016 at 10:31 a.m;

- February 25, 2016 at 10:32 a.m;

- March 17, 2016 at 12:30 p.m; and

- May 13, 2016 at 1:24 p.m.

19. When the calls first began, Plaintiff requested on several occasions that Defendant stop calling.

20. By requesting that Defendant stopped calling Plaintiff, Plaintiff revoked any consent, should it have ever existed in the first place.

21. These calls were made via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

22. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. The ATDS used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

24. When Plaintiff answered Defendant's phone call, there was a silence indicating that an ATDS was in use.

25. Defendant's call was placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C.(b)(1).

26. These calls were unwanted by Plaintiff.

27. This telephone call constitutes a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

28. Plaintiff revoked any express consent that may have been provided to Defendant or its agent to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

29. This telephonic communication by Defendant violated 47 U.S.C. § 227 (b)(1).

30. Through this action, Plaintiff suffered an invasion of her legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

31. She was personally affected because she was frustrated and distressed that Defendant harassed Plaintiff with a call using an ATDS.

32. Defendant's call forces Plaintiff and class members to live without the utility of Plaintiff's cell phone by forcing her to silence her cell phone and/or block incoming numbers.

33. Defendant's calls to Plaintiff's cellular telephone number were unsolicited by Plaintiff and without Plaintiff's permission or consent.

34. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

35. The call from Defendant came from the phone number (803) 502-6035 and (803) 502-6700.

36. Plaintiff did not provide "prior express consent" to Defendant to place telephone calls to Plaintiff's cellular telephone with an artificial or prerecorded voice utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

37. Through the aforementioned conduct, Defendant violated 47 U.S.C. § 227 et seq.

## Class Action Allegations

38. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

39. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing

        system or with an artificial or prerecorded voice, which call was not make for emergency purposes, within the four years prior to the filing of the Complaint.

40. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

41. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacting Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

42. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of

additional persons as warranted as facts are learned in further investigation and discovery.

43. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records and/or Defendant's agents' records.

44. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including but not necessarily limited to the following:

- Whether, within the four years prior to the filing of the Complaint, Defendant or its agents sent any unsolicited artificial or prerecorded voice message/s to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system to any telephone number assigned to a cellular telephone service;

- Whether Defendant can meet its burden of showing Defendant obtained prior express consent (i.e., consent that is clearly and unmistakably stated);

- Whether Defendant's conduct was knowing and/or willful;

- Whether Plaintiff and the Class Members were damaged thereby, and the extent of damages for such violation; and

- Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

45. As a person who received at least one artificial or prerecorded voice message utilizing an ATDS without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

46. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without a remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

47. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

48. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interests of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class action claims. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## Negligent Violations of the
## Telephone Consumer Protection Act (TCPA)
## 47 U.S.C. § 227

49. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. § 227 et. seq.

51. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## Knowing and/or Willful Violation of The Telephone Consumer Protection Act (TCPA)
## 47 U.S.C. § 227

53. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

54. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

55. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- That the action regarding each violation of the TCPA be certified as a class action on behalf of the Class and requested herein;
- That Plaintiff be appointed as representative of the Class;
- That Plaintiff's counsel be appointed as counsel for the Class;
- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);
- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- any other relief the Court may deem just and proper.

56. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted, this 28th day of June, 2017.

**BERRY AND ASSOCIATES**

*/s/Matthew Berry*

Matthew Berry
Georgia Bar No. 055663
matt@mattberry.com

Adam Klein
Georgia Bar No. 425032
aklein@mattberry.com

Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, Georgia 30324

OFFICE   (404) 235-3305
FAX      (404) 235-3333

Attorneys for Plaintiff